UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA O. THOMAS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. EDCV 10-01550-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 12, 2010, Martha O. Thomas ("Plaintiff" or "Claimant" or "Thomas") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her March 28, 2006, applications for Social Security Disability Insurance benefits and Supplemental Security Income. On April 12, 2011, the Commissioner filed an Answer to the Complaint. On August 22, 2011, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 59 year old female alleging disability beginning September 29, 1999, due to chronic muscle pain in her arms, legs, and shoulders. (AR 16, 97.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 18.)

Plaintiff's claims were denied initially on July 7, 2006, and on reconsideration on March 2, 2007. (AR 16.) Plaintiff filed a timely request for hearing, which was held on May 6, 2008, in San Bernardino, California, before Administrative Law Judge ("ALJ") Jay E. Levine. (AR 16-26.) Vocational expert ("VE") Troy L. Cott also testified. (AR 16.) Plaintiff was represented by counsel. (AR 16.)

The ALJ issued an unfavorable decision on June 23, 2008. (AR 16-26.) The Appeals Council denied review on May 14, 2010. (AR 8-10.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ has properly considered all of the relevant medical evidence of record.
2. Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant

from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ'S DECISION

In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff has not engaged in substantial gainful activity since September 29, 1999, the alleged onset date. (AR 18.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step two, the ALJ found that Ms. Thomas has the following medically determinable severe impairments: fibromyalgia, status post right shoulder surgery, status post cervical spine surgery, and obesity. (AR 18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 19.)

The ALJ found that Plaintiff has the RFC to perform light work except that:

> . . . she is limited to occasional lifting with the non-dominant hand with no lifting with the dominant hand; and she is limited to standing and/or walking for 2 hours in an 8-hour workday. The claimant is limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling, and she is precluded from power gripping or working on unprotected heights.

(AR 19.) In determining this RFC, the ALJ made an adverse credibility finding. (AR 20, 24.)

At step four, the ALJ found that Claimant is capable of performing her past relevant work as a customer service representative. (AR 24.)

Accordingly, the ALJ concluded that Ms. Thomas is not disabled within the meaning of the Social Security Act. (AR 26.)

## DISCUSSION

The ALJ decision must be upheld. The ALJ's adverse credibility determination is supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### I. THE ALJ'S ADVERSE CREDIBILITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff alleges chronic muscle pain in the arms, legs, and shoulders and limited ability to use her arms and legs. (AR 20, 97.) She claims to be unable to perform any job due to chronic shoulder, arm, and leg pain. (AR 20.) She claims to be unable to raise or

move her right arm forward because of burning pain and to be unable to raise her arms to wash her hair. (AR 20.) She alleges numbness in the hands and constant pain. (AR 20.)

The ALJ, however, discounted Plaintiff's claims of disabling pain for three reasons: (1) the objective medical evidence and medical opinions of the consulting examiner and State agency review physician do not support Plaintiff's subjective pain statements; (2) Plaintiff has been receiving only conservative medical treatment; and (3) Plaintiff's daily activities are inconsistent with her claims of disabling pain. Plaintiff challenges the ALJ's adverse credibility determination, but the ALJ's determination is supported by substantial evidence.

### A.   Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairments of fibromyalgia, status post right shoulder surgery, status post cervical spine surgery, and obesity reasonably could be expected to cause her alleged symptoms. (AR 20, 24.) The ALJ, however, also concluded that Claimant's statements regarding the intensity, persistence and limiting effects of these statements were "not credible" to the extent they were inconsistent with the ALJ's assessed RFC. (AR 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ determined that there was no objective medical evidence to support Plaintiff's claims of disabling pain. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, objective examinations revealed normal range of motion in the neck (AR 21) and normal sensation and strength in her shoulder and upper extremities. (AR 21, 23.) X-rays of her right shoulder in 2007 were unremarkable. (AR 23.) Phalen's test and Tinel's sign were negative. (AR 21.) A January 2008 electromyelogram of the right upper limb was normal with no weakness. (AR 21-22.) A March 2008 neurosurgical evaluation found some tenderness in the right shoulder, but normal range of motion and full range of motion in the neck. (AR 22.) Both the consulting examiner Dr. Yu and the State agency reviewing physician, although acknowledging Plaintiff's impairments, found Plaintiff capable of lifting 20 pounds occasionally and 10 pounds frequently, walking without an assistance device, and sitting for six hours in an eight hour day. (AR 23-24.) The ALJ's finding that the medical evidence does not support Plaintiff's allegations of disabling pain is supported by substantial evidence.

1    Second, the ALJ found that Plaintiff was receiving only conservative treatment for her
2 impairments. (AR 20-21.) Evidence of conservative treatment is a proper basis for
3 discounting a claimant's testimony regarding the severity of an impairment. Parra, 481 F.3d
4 at 751. Here, the ALJ, after noting past shoulder, carpal tunnel, and spine surgeries over a
5 decade ago, found that "more recent medical records show treatment has been routine and
6 conservative consisting essentially of medical refills." (AR 20-21.) The ALJ also found that
7 treatment for Plaintiff's fibromyalgia and muscle aches and pains was routine and
8 conservative, consisting of medication refills. (AR 20.) In February 2006, Claimant's treating
9 physician Dr. Thakker continued her on Motrin and Elavil and recommended walking 30
10 minutes a day and quad strengthening exercises. (AR 242.) In 2008, Dr. Goldenberg
11 recommended that Plaintiff "[c]ontinue conservative management." (AR 295.) The ALJ's
12 finding of routine and conservative treatment is supported by substantial evidence.
13    Third, the ALJ found that Plaintiff's daily activities are inconsistent with greater
14 limitations than those assessed in the RFC. An ALJ properly may discount a claimant's
15 credibility if his daily activities are inconsistent with his or her alleged disabling symptoms.
16 Orn, 495 F.3d at 639; Burch, 400 F.3d at 680-81. Here, the ALJ noted that, despite her
17 claimed shoulder pain, Plaintiff:

> . . . will help out an elderly lady that she takes shopping and takes to
> lunch. She spends two hours a day with her. The claimant testified that
> she cooks, cleans the house, and goes to the grocery store, and she goes
> to Bible study once a week for about one hour and a half. She goes to
> church every Sunday and she sees her brothers and sisters sometimes.

23 (AR 20.) The ALJ also found that Plaintiff's own statements to physicians and disability
24 forms suggest that she is "actually quite active." (AR 24.) The Claimant does all the
25 household chores, shops, and drives. (AR 24.) The ALJ concluded that Plaintiff "is capable
26 of performing work" within the parameters of the RFC. (AR 24.) The ALJ properly relied on
27 Plaintiff's daily activities in discounting her credibility.
28

8

Plaintiff disagrees with the ALJ's interpretation of the evidence, but where the evidence is susceptible to more than one interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas, 278 F.3d at 954. The ALJ's adverse credibility determination is based on clear and convincing reasons supported by substantial evidence.

## II.   THE ALJ'S RFC ASSESSMENT IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff's next argument is that the ALJ's RFC fails to consider all the relevant medical evidence. Plaintiff believes the medical evidence warrants a more restrictive RFC than assessed by the ALJ. The Court disagrees.

The ALJ's RFC precludes Plaintiff from lifting with her dominant right hand as well as power gripping. (AR 19.) Plaintiff contends that Plaintiff should have been assessed significant additional limitations in her right upper extremity which would preclude all work. Specifically, Plaintiff asserts that she also would have difficulty reaching in any direction more than on an occasional basis and difficulty using her right upper extremity for gripping, grasping, and fine fingering on more than an occasional basis.

In support of these contentions, Plaintiff cites medical evidence of multiple surgeries and degenerative joint disease as to her right shoulder. (AR 133-143.) This medical evidence, however, dates to 1997. As already observed, more recent medical treatment of her right upper extremity has been conservative and the consulting and State agency physicians did not find Plaintiff disabled. Plaintiff cites medical evidence of degenerative joint disease in her cervical and lumbar spine, but these conditions do not relate specifically to her claim about reaching, gripping, and grasping, an MRI of the spine did not show any significant stenosis or root compression (AR 22), and the consulting and State reviewing physicians did not find Plaintiff to be disabled in any event. Plaintiff cites Dr. Goldenberg's assessment that Plaintiff's right upper extremity impairments were most likely the result of "some residual or recurrent shoulder disease" (AR 295), but Dr. Goldenberg also noted that Plaintiff exhibited normal range of motion in the right shoulder and recommended only

continued conservative treatment. (AR 294-95.) Plaintiff cites evidence of an EMG of her right wrist and elbow, which indicates nerve involvement in the right upper extremity (AR 330-31), but the ALJ gave credit to this objective evidence in imposing greater limitations than supported by the consulting and reviewing physicians. (AR 24.) The ALJ concluded that additional limitations were not indicated. (AR 24.) Plaintiff is simply interpreting the evidence differently, but the ALJ's opinion is reasonable and must be upheld. Thomas, 278 F.3d at 954. Plaintiff also notes she has consistently maintained that she has substantial limitations in her ability to use her upper extremities, but the ALJ properly discounted Plaintiff's credibility. (AR 20, 24.)

Plaintiff attempts to create a conflict between the ALJ's RFC and the opinion of consulting examiner Dr. Yu. Plaintiff claims that Dr. Yu found that Plaintiff would be limited to only frequent "reaching" with her right upper extremity below the horizon, a limitation not included in the RFC. Dr. Yu, however, never mentioned "reaching." He stated her "use" of her right upper extremity would be limited. (AR 274.) The ALJ translated the term "use" into a restriction on lifting, not reaching, and precluded Plaintiff from lifting completely with the right extremity. The ALJ actually found Plaintiff to be more limited than Dr. Yu's examination would support. (AR 24.)

State reviewer Dr. Lizarraras offered a manipulative limitation of limited overhead reaching with other reaching frequent (AR 277), but nonetheless found Plaintiff not disabled. The ALJ credited this finding (AR 23-24) and, by precluding all lifting with the right upper extremity, appears to believe he also was precluding overhead reaching. (AR 24.) The ALJ states that he gave less weight to Dr. Lizarraras' opinion because it is not limited enough. (AR 24.)

The ALJ is responsible "for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ presented a comprehensive summary and analysis of the medical evidence in determining Plaintiff's RFC. No physician found Plaintiff disabled. The ALJ, "giving generous consideration of the overall medical evidence and subjective findings,"

found the Plaintiff to be more limited than found by Dr. Yu and Dr. Lizarraras.  (AR 24.)  The ALJ determined that Claimant has "a severe impairment in the right upper extremity with symptoms of pain and numbness, as well as additional objective evidence of ulnar neuropathy, and musculoskeletal impairments of the neck, which can result in additional functional limitations."  Yet he also found, based on the medical evidence and Plaintiff's discounted credibility, that additional functional limitations were not warranted.  (AR 24.)

Thus, the ALJ thoroughly considered all the medical and non-medical evidence, including the evidence for additional limitations cited by Plaintiff.  Once again, Plaintiff is simply interpreting the evidence differently than the ALJ, but the ALJ's interpretation is reasonable and must be upheld.  Thomas, 278 F.3d at 954.  The ALJ's RFC is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 30, 2011          /s/ John E. McDermott
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE