1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11

12 | MARTHA O. THOMAS,
                         Plaintiff,

13          v.

14 | MICHAEL J. ASTRUE,

15 | Commissioner of Social Security,

16                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 10-01550-JEM

MEMORANDUM OPINION AND ORDER
AFFIRMING DECISION OF THE
COMMISSIONER OF SOCIAL SECURITY

17

18 **PROCEEDINGS**

19      On October 12, 2010, Martha O. Thomas ("Plaintiff" or "Claimant" or "Thomas") filed a

20 Complaint seeking review of the decision by the Commissioner of the Social Security

21 Administration  ("Commissioner") denying her March 28, 2006, applications for Social

22 Security Disability Insurance benefits and Supplemental Security Income.  On April 12, 2011,

23 the Commissioner filed an Answer to the Complaint.  On August 22, 2011, the parties filed a

24 Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

25      Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the

26 undersigned Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative

27 record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and

28 this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 59 year old female alleging disability beginning September 29, 1999, due to chronic muscle pain in her arms, legs, and shoulders. (AR 16, 97.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 18.)

Plaintiff's claims were denied initially on July 7, 2006, and on reconsideration on March 2, 2007. (AR 16.) Plaintiff filed a timely request for hearing, which was held on May 6, 2008, in San Bernardino, California, before Administrative Law Judge ("ALJ") Jay E. Levine. (AR 16-26.) Vocational expert ("VE") Troy L. Cott also testified. (AR 16.) Plaintiff was represented by counsel. (AR 16.)

The ALJ issued an unfavorable decision on June 23, 2008. (AR 16-26.) The Appeals Council denied review on May 14, 2010. (AR 8-10. )

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1.    Whether the ALJ has properly considered all of the relevant medical evidence of record.

2.    Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

1 reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S.

2 at 401 (internal quotation marks and citation omitted).

3      This Court must review the record as a whole and consider adverse as well as

4 supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

5 Where evidence is susceptible to more than one rational interpretation, the ALJ's decision

6 must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

7 1999). "However, a reviewing court must consider the entire record as a whole and may not

8 affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at

9 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue,

10 495 F.3d 625, 630 (9th Cir. 2007).

11                        **THE SEQUENTIAL EVALUATION**

12      The Social Security Act defines disability as the "inability to engage in any substantial

13 gainful activity by reason of any medically determinable physical or mental impairment which

14 can be expected to result in death or . . . can be expected to last for a continuous period of

15 not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner

16 has established a five-step sequential process to determine whether a claimant is disabled.

17 20 C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19 gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is

20 engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert,

21 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a

22 severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

23 not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at

24 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25 impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals

26 one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482

27 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant

28

1   from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

2       Before making the step four determination, the ALJ first must determine the claimant's

3   residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must account for all

4   of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

5   416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or

6   her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and

7   must determine whether the impairment prevents the claimant from performing any other

8   substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

9       The claimant bears the burden of proving steps one through four, consistent with the

10  general rule that at all times the burden is on the claimant to establish his or her entitlement

11  to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

12  claimant, the burden shifts to the Commissioner to show that the claimant may perform other

13  gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a

14  finding that a claimant is not disabled at step five, the Commissioner must provide evidence

15  demonstrating that other work exists in significant numbers in the national economy that the

16  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. §

17  416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

18  entitled to benefits.  Id.

19                              **THE ALJ'S DECISION**

20       In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff

21  has not engaged in substantial gainful activity since September 29, 1999, the alleged onset

22  date.  (AR 18.)

23

24

25

26      [1]Residual functional capacity ("RFC") is what one "can still do despite [his or her]

27  limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R.
    §§ 404.1545(a)(1), 416.945(a)(1).

28

1    At step two, the ALJ found that Ms. Thomas has the following medically determinable

2  severe impairments: fibromyalgia, status post right shoulder surgery, status post cervical

3  spine surgery, and obesity.  (AR 18.)

4    At step three, the ALJ determined that Plaintiff does not have an impairment or

5  combination of impairments that meets or medically equals one of the listed impairments.

6  (AR 19.)

7    The ALJ found that Plaintiff has the RFC to perform light work except that:

8    . . . she is limited to occasional lifting with the non-dominant hand with no

9    lifting with the dominant hand; and she is limited to standing and/or

10    walking for 2 hours in an 8-hour workday.  The claimant is limited to

11    occasional climbing, balancing, stooping, kneeling, crouching and

12    crawling, and she is precluded from power gripping or working on

13    unprotected heights.

14  (AR 19.)  In determining this RFC, the ALJ made an adverse credibility finding.  (AR 20, 24.)

15    At step four, the ALJ found that Claimant is capable of performing her past relevant

16  work as a customer service representative.  (AR 24.)

17    Accordingly, the ALJ concluded that Ms. Thomas is not disabled within the meaning of

18  the Social Security Act.  (AR 26.)

19                                      **DISCUSSION**

20    The ALJ decision must be upheld.  The ALJ's adverse credibility determination is

21  supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

22  The ALJ's non-disability determination is supported by substantial evidence and free of legal

23  error.

24  **I.    THE ALJ'S ADVERSE CREDIBILITY DETERMINATION
        IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

25

26    Plaintiff alleges chronic muscle pain in the arms, legs, and shoulders and limited

27  ability to use her arms and legs.  (AR 20, 97.)  She claims to be unable to perform any job

28  due to chronic shoulder, arm, and leg pain.  (AR 20.)  She claims to be unable to raise or

1 move her right arm forward because of burning pain and to be unable to raise her arms to

2 wash her hair.  (AR 20.)  She alleges numbness in the hands and constant pain.  (AR 20.)

3      The ALJ, however, discounted Plaintiff's claims of disabling pain for three reasons: (1)

4 the objective medical evidence and medical opinions of the consulting examiner and State

5 agency review physician do not support Plaintiff's subjective pain statements; (2) Plaintiff has

6 been receiving only conservative medical treatment; and (3) Plaintiff's daily activities are

7 inconsistent with her claims of disabling pain.  Plaintiff challenges the ALJ's adverse

8 credibility determination, but the ALJ's determination is supported by substantial evidence.

9      **A.    Relevant Law**

10      The test for deciding whether to accept a claimant's subjective symptom testimony

11 turns on whether the claimant produces medical evidence of an impairment that reasonably

12 could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947

13 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998);

14 Smolen, 80 F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's

15 testimony on the severity of symptoms merely because it is unsupported by objective

16 medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds

17 the claimant's symptom testimony not credible, the ALJ "must specifically make findings

18 which support this conclusion."  Bunnell, 947 F.2d at 345.  These findings must be

19 "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit

20 [the] claimant's testimony."  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also

21 Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.

22 Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about

23 the severity of her symptoms only by offering "specific, clear and convincing reasons for

24 doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must

25 identify what testimony is not credible and what evidence discredits the testimony.  Reddick,

26 157 F.3d at 722; Smolen, 80 F.3d at 1284.

27

28

1      **B.      Analysis**

2          In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically

3    determinable severe impairments of fibromyalgia, status post right shoulder surgery, status

4    post cervical spine surgery, and obesity reasonably could be expected to cause her alleged

5    symptoms.  (AR 20, 24.)  The ALJ, however, also concluded that Claimant's statements

6    regarding the intensity, persistence and limiting effects of these statements were "not

7    credible" to the extent they were inconsistent with the ALJ's assessed RFC.  (AR 20.)

8    Because the ALJ did not make any finding of malingering, he was required to provide clear

9    and convincing reasons supported by substantial evidence for discounting Plaintiff's

10   credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

11         First, the ALJ determined that there was no objective medical evidence to support

12   Plaintiff's claims of disabling pain.  An ALJ is entitled to consider whether there is a lack of

13   medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the

14   only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81

15   (9th Cir. 2005).  Here, objective examinations revealed normal range of motion in the neck

16   (AR 21) and normal sensation and strength in her shoulder and upper extremities.  (AR 21,

17   23.)  X-rays of her right shoulder in 2007 were unremarkable.  (AR 23.)  Phalen's test and

18   Tinel's sign were negative.  (AR 21.)  A January 2008 electromyelogram of the right upper

19   limb was normal with no weakness.  (AR 21-22.)  A March 2008 neurosurgical evaluation

20   found some tenderness in the right shoulder, but normal range of motion and full range of

21   motion in the neck.  (AR 22.)  Both the consulting examiner Dr. Yu and the State agency

22   reviewing physician, although acknowledging Plaintiff's impairments, found Plaintiff capable

23   of lifting 20 pounds occasionally and 10 pounds frequently, walking without an assistance

24   device, and sitting for six hours in an eight hour day.  (AR 23-24.)  The ALJ's finding that the

25   medical evidence does not support Plaintiff's allegations of disabling pain is supported by

26   substantial evidence.

27

28

1       Second, the ALJ found that Plaintiff was receiving only conservative treatment for her

2 impairments.  (AR 20-21.)  Evidence of conservative treatment is a proper basis for

3 discounting a claimant's testimony regarding the severity of an impairment.  <u>Parra</u>, 481 F.3d

4 at 751.  Here, the ALJ, after noting past shoulder, carpal tunnel, and spine surgeries over a

5 decade ago, found that "more recent medical records show treatment has been routine and

6 conservative consisting essentially of medical refills."  (AR 20-21.)  The ALJ also found that

7 treatment for Plaintiff's fibromyalgia and muscle aches and pains was routine and

8 conservative, consisting of medication refills.  (AR 20.)  In February 2006, Claimant's treating

9 physician Dr. Thakker continued her on Motrin and Elavil and recommended walking 30

10 minutes a day and quad strengthening exercises.  (AR 242.)  In 2008, Dr. Goldenberg

11 recommended that Plaintiff "[c]ontinue conservative management."  (AR 295.)  The ALJ's

12 finding of routine and conservative treatment is supported by substantial evidence.

13       Third, the ALJ found that Plaintiff's daily activities are inconsistent with greater

14 limitations than those assessed in the RFC.  An ALJ properly may discount a claimant's

15 credibility if his daily activities are inconsistent with his or her alleged disabling symptoms.

16 <u>Orn</u>, 495 F.3d at 639; <u>Burch</u>, 400 F.3d at 680-81.  Here, the ALJ noted that, despite her

17 claimed shoulder pain, Plaintiff:

18     . . . will help out an elderly lady that she takes shopping and takes to

19     lunch.  She spends two hours a day with her.  The claimant testified that

20     she cooks, cleans the house, and goes to the grocery store, and she goes

21     to Bible study once a week for about one hour and a half.  She goes to

22     church every Sunday and she sees her brothers and sisters sometimes.

23 (AR 20.)  The ALJ also found that Plaintiff's own statements to physicians and disability

24 forms suggest that she is "actually quite active."  (AR 24.)  The Claimant does all the

25 household chores, shops, and drives.  (AR 24.)  The ALJ concluded that Plaintiff "is capable

26 of performing work" within the parameters of the RFC.  (AR 24.)  The ALJ properly relied on

27 Plaintiff's daily activities in discounting her credibility.

28

1    Plaintiff disagrees with the ALJ's interpretation of the evidence, but where the

2  evidence is susceptible to more than one interpretation, one of which supports the ALJ's

3  decision, the ALJ's conclusion must be upheld.  Thomas, 278 F.3d at 954.  The ALJ's

4  adverse credibility determination is based on clear and convincing reasons supported by

5  substantial evidence.

6  **II.    THE ALJ'S RFC ASSESSMENT IS SUPPORTED**
   **BY SUBSTANTIAL EVIDENCE**
7

8    Plaintiff's next argument is that the ALJ's RFC fails to consider all the relevant medical

9  evidence.  Plaintiff believes the medical evidence warrants a more restrictive RFC than

10  assessed by the ALJ.  The Court disagrees.

11    The ALJ's RFC precludes Plaintiff from lifting with her dominant right hand as well as

12  power gripping.  (AR 19.)  Plaintiff contends that Plaintiff should have been assessed

13  significant additional limitations in her right upper extremity which would preclude all work.

14  Specifically, Plaintiff asserts that she also would have difficulty reaching in any direction more

15  than on an occasional basis and difficulty using her right upper extremity for gripping,

16  grasping, and fine fingering on more than an occasional basis.

17    In support of these contentions, Plaintiff cites medical evidence of multiple surgeries

18  and degenerative joint disease as to her right shoulder.  (AR 133-143.)  This medical

19  evidence, however, dates to 1997.  As already observed, more recent medical treatment of

20  her right upper extremity has been conservative and the consulting and State agency

21  physicians did not find Plaintiff disabled.  Plaintiff cites medical evidence of degenerative joint

22  disease in her cervical and lumbar spine, but these conditions do not relate specifically to her

23  claim about reaching, gripping, and grasping, an MRI of the spine did not show any

24  significant stenosis or root compression (AR 22), and the consulting and State reviewing

25  physicians did not find Plaintiff to be disabled in any event.  Plaintiff cites Dr. Goldenberg's

26  assessment that Plaintiff's right upper extremity impairments were most likely the result of

27  "some residual or recurrent shoulder disease" (AR 295), but Dr. Goldenberg also noted that

28  Plaintiff exhibited normal range of motion in the right shoulder and recommended only

1    continued conservative treatment. (AR 294-95.) Plaintiff cites evidence of an EMG of her

2    right wrist and elbow, which indicates nerve involvement in the right upper extremity (AR

3    330-31), but the ALJ gave credit to this objective evidence in imposing greater limitations

4    than supported by the consulting and reviewing physicians. (AR 24.) The ALJ concluded

5    that additional limitations were not indicated. (AR 24.) Plaintiff is simply interpreting the

6    evidence differently, but the ALJ's opinion is reasonable and must be upheld. Thomas, 278

7    F.3d at 954. Plaintiff also notes she has consistently maintained that she has substantial

8    limitations in her ability to use her upper extremities, but the ALJ properly discounted

9    Plaintiff's credibility. (AR 20, 24.)

10        Plaintiff attempts to create a conflict between the ALJ's RFC and the opinion of

11   consulting examiner Dr. Yu. Plaintiff claims that Dr. Yu found that Plaintiff would be limited to

12   only frequent "reaching" with her right upper extremity below the horizon, a limitation not

13   included in the RFC. Dr. Yu, however, never mentioned "reaching." He stated her "use" of

14   her right upper extremity would be limited. (AR 274.) The ALJ translated the term "use" into

15   a restriction on lifting, not reaching, and precluded Plaintiff from lifting completely with the

16   right extremity. The ALJ actually found Plaintiff to be more limited than Dr. Yu's examination

17   would support. (AR 24.)

18        State reviewer Dr. Lizarraras offered a manipulative limitation of limited overhead

19   reaching with other reaching frequent (AR 277), but nonetheless found Plaintiff not disabled.

20   The ALJ credited this finding (AR 23-24) and, by precluding all lifting with the right upper

21   extremity, appears to believe he also was precluding overhead reaching. ( AR 24.) The ALJ

22   states that he gave less weight to Dr. Lizarraras' opinion because it is not limited enough.

23   (AR 24.)

24        The ALJ is responsible "for determining credibility, resolving conflicts in medical

25   testimony and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.

26   1995). Here, the ALJ presented a comprehensive summary and analysis of the medical

27   evidence in determining Plaintiff's RFC. No physician found Plaintiff disabled. The ALJ,

28   "giving generous consideration of the overall medical evidence and subjective findings,"

1    found the Plaintiff to be more limited than found by Dr. Yu and Dr. Lizarraras.  (AR 24.)  The

2    ALJ determined that Claimant has "a severe impairment in the right upper extremity with

3    symptoms of pain and numbness, as well as additional objective evidence of ulnar

4    neuropathy, and musculoskeletal impairments of the neck, which can result in additional

5    functional limitations."  Yet he also found, based on the medical evidence and Plaintiff's

6    discounted credibility, that additional functional limitations were not warranted.  (AR 24.)

7         Thus, the ALJ thoroughly considered all the medical and non-medical evidence,

8    including the evidence for additional limitations cited by Plaintiff.  Once again, Plaintiff is

9    simply interpreting the evidence differently than the ALJ, but the ALJ's interpretation is

10   reasonable and must be upheld.  Thomas, 278 F.3d at 954.  The ALJ's RFC is supported by

11   substantial evidence and free of legal error.

12                                              **ORDER**

13         IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

14   AFFIRMED and this case dismissed with prejudice.

15         LET JUDGMENT BE ENTERED ACCORDINGLY.

16

17   DATED: September 30, 2011                    _/s/ John E. McDermott_____
                                                  JOHN E. MCDERMOTT
18                                                UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28